**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BONNIE F. KAITE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:17-cv-00005 |
| | ) | |
| v. | ) | Honorable Kim R. Gibson |
| | ) | |
| ALTOONA STUDENT TRANSPORTATION, INC. | ) | ELECTRONICALLY FILED |
| | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS**

Plaintiff argues that Defendant should have chosen to violate the Child Protective Services Law ("CPSL"), subjecting itself and its employees to civil and criminal penalties, a potential loss of contracts, and a likely public relations scandal[1] – all on the basis of her stated religious beliefs. In support of this contention, Plaintiff believes Defendant should have independently recognized that CPSL violated Title VII when the Commonwealth of Pennsylvania and the Federal Bureau of Investigation denied Plaintiff an accommodation to CPSL's fingerprinting requirement on the basis of her purported religious beliefs, despite providing other Defendant employees with an alternative to fingerprinting requirement.[2] Failure

---

1 CPSL was amended as a result of the Penn State child sex abuse scandal involving Jerry Sandusky.

2 It is noteworthy that these individuals – unlike Plaintiff – willingly submitted to the fingerprinting requirement multiple times. After these attempts failed, as a final resort, the Federal Bureau of Investigation permitted these individuals to submit to an additional method of screening that did not involve fingerprinting. As such, these individuals are not similarly situated to Plaintiff and submitted themselves to more, rather than less, background screening.

to recognize this alleged conflict, from Plaintiff's perspective, subjects Defendant to liability pursuant to Title VII.

For the reasons discussed below, Plaintiff's position is not supported by law or fact. As such, Defendant respectfully requests that this Court dismiss Plaintiff's Complaint based on the pleadings, with prejudice.

## I. The Child Protective Services Law, the Commonwealth of Pennsylvania, and the Federal Bureau of Investigation Determined Plaintiff's Ineligibility for Employment Pursuant to the Child Protective Services Law.

To establish a claim for religious discrimination, Plaintiff must identify an employment requirement that conflicted with her sincerely held religious beliefs. *Shelton v. Univ. of Med. & Dentistry of N.J.*, 223 F.3d 220, 224 (3d Cir. 2000). To satisfy this requirement, Plaintiff must point to a policy propagated, enforced, and interpreted by Defendant that conflicts with her religious beliefs. Plaintiff fails to do so, and her claim fails as a matter of law accordingly.

Plaintiff makes a feeble attempt to argue that Defendant's policy of complying with CPSL constituted an employment requirement sufficient to satisfy her *prima facie* case. Plaintiff's argument is contrary to case law establishing that compliance with facially valid laws does not constitute an employment requirement. *See Yisrael v. Per Scholas, Inc.*, No. 01 Civ. 8290 (DAB), 2004 U.S. Dist. LEXIS 5807, *9 (S.D.N.Y. Apr. 7, 2004) (citing *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826 (9th Cir. 1999); *Seaworth v. Pearson*, 203 F.3d 1056 (8th Cir. 2000), *cert denied*, 531 U.S. 895 (2000); *Baltgalvis v. Newport News Shipbuilding Inc.*, 132 F. Supp. 2d 414 (E.D. Va. 2001), *aff'd*, 15 F. App'x 172 (4th Cir. 2001); *EEOC v. Allendale Nursing Centre*, 996 F. Supp. 712 (W.D. Mich. 1998)).

Plaintiff has not pointed to any reason why the Court should deviate from this rule. Defendant is not a government entity. It did not pass or implement the Child Protective Services

Law, nor was it tasked with the interpretation of the Child Protective Services Law's requirement. Instead, the Pennsylvania legislature and the Commonwealth's Department of Human Services were tasked with these responsibilities to ensure proper protections for children from the possibility of abuse while at school or involved in school sponsored activities. As such, Defendant was in no way responsible for the drafting of the law or any effects that it might have pursuant to the Establishment Clause.

Defendant's involvement in the CPSL certification process is as a covered entity, given obligations it must perform to comply with CPSL. It has no authority – statutory or otherwise – to provide exemptions or accommodations for any employees on any circumstances.[3] Such authority rests solely on those responsible for interpreting and enforcing the law – the Commonwealth's Department of Human Services and the Federal Bureau of Investigation. Without such authority, it cannot be said that CPSL was Defendant's employment requirement – but rather one of the Commonwealth.

Having failed to identify a legally recognized Defendant employment requirement, Plaintiff's religious discrimination claim fails as a matter of law.

## II. The Child Protective Services Law is Not Preempted by Title VII.

State laws that conflict with federal laws are preempted pursuant to the Supremacy Clause of the U.S. Constitution. U.S. Const. art. VI, cl. 2. Conflict preemption "nullifies state law inasmuch as it conflicts with federal law, either where compliance with both laws is impossible or where state law erects an 'obstacle to the accomplishment and execution of the full

[3] And, in fact, Defendant did not provide any "accommodations" to the background checking requirements for any employees. Any alterations to the CPSL certification process were made by the Commonwealth's Department of Human Services or the Federal Bureau of Investigation.

purposes and objectives of Congress.'" *Farina v. Nokia Inc.*, 625 F.3d 97, 115 (3d Cir. 2010) (quoting *Hillsborough Cnty. v. Automated Med. Labs., Inc.*, 471 U.S. 707, 713 (1985)).

According to Plaintiff, Title VII preempts CPSL, and prevents Defendant from raising compliance with CPSL as a defense. In support of this position, Plaintiff relies primarily on decisions analyzing state female protective laws under Title VII's sex discrimination prohibition. These laws, which were largely passed before Title VII, were intended to protect women from long work hours and heavy physical demands. In effect, the laws created a bona fide occupational qualification which resulted in the exclusion of women from consideration for certain jobs. Courts determined that state protective laws conflicted with the intent of Title VII, and were thus invalid. In so doing, however, courts were aided by administrative guidance from the U.S. Equal Employment Opportunity Commission and – in some instances – from the state's Attorney General, holding that the statutes were invalid under the Supremacy Clause.

Reliance on these cases is misplaced. Title VII's religious discrimination prohibition is read and interpreted differently than its other prohibitions, because Title VII religious accommodation cases provide a defense to liability where accommodating an employee's religious beliefs presents an undue hardship for the employer. *Webb v. City of Phila.*, 562 F.3d 256, 259 (3d Cir. 2009). This consideration is not applicable in cases involving sex or religious discrimination cases. As such, cases decided pursuant to Title VII's religious discrimination cases must be analyzed independently of the remainder of Title VII cases.

As stated in great length in Defendant's Brief in Support of its Motion for Judgment on the Pleadings, federal courts have consistently ruled that the imposition of criminal or civil sanctions pursuant to other state and federal laws constitutes undue hardship. *See* ECF No. 17, fn. 8. As such, CPSL is not in conflict with Title VII and, therefore, not preempted.

Equally important, Defendant had no authority to make a determination regarding the constitutionality of CPSL. Indeed, "state statutes, like federal ones, are entitled to the presumption of constitutionality until their invalidity is judicially declared." *Davies Warehouse Co. v. Bowles*, 321 U.S. 144, 151 (1944). Without the benefit of judicial or even quasi-judicial determination, Defendant was under no obligation to determine that CPSL was unenforceable because of constitutional considerations. *See Ridinger v. General Motors Corp.*, No. 3773, No. 3789, 1972 U.S. Dist. LEXIS 13237, *6 (S.D. OH June 12, 1973) ("That Defendant, General Motors Corporation, is entitled to summary judgment against the Plaintiffs . . . since compliance with Sections 4107.42 and 4107.46 of the Ohio Revised Code by said Defendant did not give rise to an unlawful employment practice under Title VII of the Civil Rights Act of 1964 for the reasons that, in the absence of a final judicial determination, the invalidity of such statutes was uncertain and the Defendant, General Motors Corporation, complied with the Ohio statutes in good faith").

No state or federal court or agency has determined that CPSL is invalid,[4] nor has the Commonwealth of Pennsylvania indicated CPSL is invalid or that it will not be enforced against Defendant if it allows Plaintiff to work without the required clearances. As such, Defendant must assume that CPSL is constitutional and abide by its requirements until a judicial determination requires otherwise.

## III. CONCLUSION

WHEREFORE, Defendant, Altoona Student Transportation, Inc., requests that its Motion for Judgment on the Pleadings be granted and that it be dismissed from this matter with prejudice.

---

4 The EEOC dismissed Plaintiff's religious accommodation and retaliation claims with a no probable cause finding.

Dated: May 2, 2017

Respectfully submitted,

JACKSON LEWIS P.C.

*s/ Douglas G. Smith*

Douglas G. Smith
PA ID No. 56834
SmithD@jacksonlewis.com
Mariah H. McGrogan
PA ID No. 318488
Mariah.McGrogan@jacksonlewis.com
1001 Liberty Avenue, Suite 1000
Pittsburgh, PA 15222
412-232-0404
412-232-3441 facsimile

*Counsel for Defendant*