IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| BONNIE F. KAITE, | ) | Case No. 3:17-cv-5 |
| --- | --- | --- |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| v. | ) | |
| ALTOONA STUDENT TRANSPORTATION, INC., | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

### I. Introduction

Before the Court is Defendant's Renewed Motion for Judgment on the Pleadings. (ECF No. 17.) The motion has been fully briefed (*see* ECF Nos. 18, 25, 32) and is ripe for disposition. For the reasons stated below, Defendant's motion will be **DENIED**.

### II. Jurisdiction

This Court has original jurisdiction over Plaintiff's civil rights claims under 28 U.S.C. §§ 1331 and 1343, and supplemental jurisdiction over her related state law claims under 28 U.S.C. § 1367(a).

### III. Background

Plaintiff filed a Complaint before this Court on January 12, 2017 (ECF No. 1), which Plaintiff subsequently amended on June 17, 2017. (ECF No. 14.) The Court accepts as true the following facts from the Amended Complaint for the sole purpose of deciding Defendant's Renewed Motion for Judgment on the Pleadings.

Defendant hired Plaintiff to work as a school bus driver in 2001. (*Id.* at 2.) In November, 2015, Defendant informed Plaintiff that, in accordance with a newly enacted state law, Plaintiff needed to undergo a background check to continue her employment. (*Id.*) The background check required that Plaintiff be fingerprinted. (*Id.*)

Plaintiff is a devout Christian. (*Id.*) Plaintiff informed Defendant that, according to her sincerely held religious beliefs, "the Book of Revelation prohibits the 'mark of the devil,' which she believes includes fingerprinting, and that she will not get into Heaven if she submits to fingerprinting." (*Id.*) Plaintiff asked Defendant for an accommodation, specifically, whether she could perform a different type of background check that did not require her to be fingerprinted. (*Id.*)

Defendant informed Plaintiff that no accommodations were available, and terminated her for failing to comply with state law's fingerprinting requirement, effective December 31, 2015. (*Id.* at 2-3.) However, Defendant allowed at least one employee with "unreadable" fingerprints to participate in an alternative background check for which fingerprinting was not required. (*Id.* at 3.)

Plaintiff asserts three claims: (1) religious discrimination in violation of Title VII of the Civil Rights Act ("Title VII") (*see id.* at 3-4); (2) retaliation, also in violation of Title VII (*id.* at 4-5); and (3) a related claim under the Pennsylvania Human Relations Act ("PHRA").[1] (*Id.* at 5-6.)

---

[1] "Pennsylvania courts have generally interpreted the PHRA consistently with Title VII, as such, the result of Defendants' motion [to dismiss] will be identical under both Title VII and the PHRA." *Rideout v. Pub. Opinion*, No. 1:09-CV-0403, 2011 WL 321104, at *9 (M.D. Pa. 2011) (citing *Nagle v. RMA*, 513 F. Supp. 2d 383, 387 (E.D. Pa. 2007)).

2

## IV. Legal Standard

"The standard for deciding a motion for judgment on the pleadings filed pursuant to Federal Rule of Civil Procedure 12(c) is not materially different from the standard for deciding a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Zion v. Nassan*, 283 F.R.D. 247, 254 (W.D. Pa. 2012); *see Harleysville INS. Co. of New York v. Cerciello*, No. 3:08-CV-2060, 2010 WL 11534317, at *2 (M.D. Pa. 2010) ("The standard of review used for a motion for judgment on the pleadings is substantively identical to that of a motion to dismiss."); *see also Minnesota Lawyers Mut. Ins. Co. v. Ahrens*, 432 F. App'x 143, 147 (3d Cir. 2011).

Either motion may be used to seek the dismissal of a complaint based on a plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); *id.* at 12(h)(2)(B). The only difference between the two motions is that a Rule 12(b) motion must be made before a "responsive pleading" is filed, whereas a Rule 12(c) motion can be made "[a]fter the pleadings are closed." Fed. R. Civ. P. 12(b); *id.* at 12(c); *Cerciello*, 2010 WL 11534317, at 2. "A court presented with a motion for judgment on the pleadings must consider the plaintiff's complaint, the defendant's answer, and any written instruments or exhibits attached to the pleadings." *Anthony v. Torrance State Hosp.*, No. CV 3:16-29, 2016 WL 4581350, at *1 (W.D. Pa. 2016) (citing *Perelman v. Perelman*, 919 F. Supp. 2d 512, 521 (E.D. Pa. 2013)).

A complaint may be dismissed under Federal Rule of Civil Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016). But, detailed pleading is not generally required. *Id.* The Rules demand only "a short and plain statement of the claim showing that the pleader is entitled to relief" to give the

3

defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)).

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps.² First, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679; *see also Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth.") (citation omitted). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also Connelly*, 809 F.3d at 786. Ultimately, the plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Because a motion for judgment on the pleadings is analyzed under the same standard as a motion to dismiss, "a court must accept all of the allegations in the pleadings of the party against whom the motion is addressed as true and draw all reasonable inferences in favor of the non-moving party." *Zimmerman v. Corbett*, No. 16-3384, 2017 WL 4583149, at *2 (3d Cir. 2017); *see also*

---

² Although *Iqbal* described the process as a "two-pronged approach," *Iqbal*, 556 U.S. at 679, the Supreme Court noted the elements of the pertinent claim before proceeding with that approach, *id.* at 675–79. Thus, the Third Circuit has described the process as a three-step approach. *See Connelly*, 809 F.3d at 787; *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 n.4 (3d Cir. 2011) (citing *Santiago v. Warminster Township*, 629 F.3d 121, 130 (2010)).

4

*Thompson v. Med-Mizer, Inc.*, No. 10-CV-02058, 2012 WL 12903830, at *1 (E.D. Pa. 2012) (when ruling on a defendant's motion for judgment on the pleadings, "all factual averments in plaintiff's Complaint must be accepted as true.") (citing *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)).

V.  Discussion

    A.  Religious Discrimination Claim

"To establish a prima facie case of religious discrimination, the employee must show: (1) she holds a sincere religious belief that conflicts with a job requirement; (2) she informed her employer of the conflict; and (3) she was disciplined for failing to comply with the conflicting requirement." *Webb v. City of Philadelphia*, 562 F.3d 256, 259 (3d Cir. 2009) (citing *Shelton v. Univ. of Med. & Dentistry of New Jersey*, 223 F.3d 220, 224 (3d Cir. 2000)). "Once all factors are established, the burden shifts to the employer to show either it made a good-faith effort to reasonably accommodate the religious belief, or such an accommodation would work an undue hardship upon the employer and its business." *Webb*, 562 F.3d at 259; *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 319 (3d Cir. 2008) (articulating the same three-part test); *E.E.O.C. v. Aldi, Inc.*, No. CIV.A. 06-01210, 2008 WL 859249, at *5 (W.D. Pa. 2008) (same); *Sowell v. RAV Investigative & Sec. Servs., Ltd*, No. CV 15-03657, 2016 WL 3014881, at *2 (E.D. Pa. 2016) (same). "If the employer satisfies its relatively low burden, the burden then shifts back to the plaintiff to prove, by a preponderance of the evidence, that the employer's articulated reasons were a pretext for discrimination." *Sowell v. RAV Investigative & Sec. Servs., Ltd*, No. CV 15-03657, 2016 WL 3014881, at *2 (E.D. Pa. 2016) (citing *Schwartzberg v. Mellon Bank, N.A.*, No. 06-1006, 2008 WL 111984, at *8 (W.D. Pa. 2008), aff'd, 307 Fed.Appx. 676 (3d Cir. 2009)).

5

"An accommodation constitutes an 'undue hardship' if it would impose more than a de minimis cost on the employer." *Webb*, 562 F.3d at 259 (citing *Trans World Airlines, Inc. v. Hardison*, 432 U.S. 63, 84 (1977)). In determining whether an employer faces an "undue hardship," courts "focus on the specific context of each case, looking to both the fact as well as the magnitude of the alleged undue hardship." *Webb*, 562 F.3d at 260 (citing *Protos v. Volkswagen of Am., Inc.*, 797 F.2d 129, 134 (3d Cir.1986)); *Mathis v. Christian Heating & Air Conditioning, Inc.*, 158 F. Supp. 3d 317, 332 (E.D. Pa. 2016) (same); *Webster v. Dollar Gen., Inc.*, 197 F. Supp. 3d 692, 703 (D.N.J. 2016) (noting that district courts must examine the specific factual circumstances of the case to determine whether undue hardship exists).

Defendant asserts that Plaintiff failed to establish a *prima facie* case of religious discrimination. (ECF No. 18 at 6-8.) Defendant claims that Plaintiff has not shown that she had a "religious" belief; Defendant asserts that the Third Circuit defines a "religious" belief as one that an employer can accommodate without undue hardship and that, because Defendant could not accommodate Plaintiff's belief without undue hardship, Plaintiff's preference to not be fingerprinted is not a "religious" belief. (*Id.* at 7.) Additionally, Defendant avers that Plaintiff has not alleged that she failed to comply with an "employment requirement," because the Pennsylvania's Child Protective Services Law ("CPSL"), not Defendant, imposed the requirement that Plaintiff undergo the background check that entailed fingerprinting.[3] (*Id.* at 7-8.)

---

[3] This Court notes that Defendant attached an affidavit to its Answer from Mark Luchette, who is identified as the Regional Human Resources Director for Student Transportation of America, Inc. (*See* ECF No. 16-2.) Luchette states that, after Plaintiff requested a religious accommodation, Defendant contacted "Altoona Area School District, a local Pennsylvania lawmaker, legal counsel for the Pennsylvania Department of Education, and indirectly [] the Federal Bureau of Investigation" ("FBI") in an attempt to accommodate Plaintiff. (*Id.* at 3.) Essentially, Defendant argues that the Commonwealth entities and the FBI—not Defendant—denied Plaintiff's request for accommodation. Defendant further avers that it lacks the power

6

Defendant further asserts that, even if Plaintiff did allege a *prima facie* case of religious discrimination, this Court should nonetheless grant its motion for judgment on the pleadings because Defendant could not accommodate Plaintiff without suffering an undue hardship. (*Id.* at 10.) Specifically, Defendant claims that it could be subject to criminal penalties for failing to comply with the CSPL.[4] (ECF No. 32 at 4.)

This Court finds that Plaintiff satisfied her burden. Plaintiff states that she has a sincere religious belief that being fingerprinted constitutes the "mark of the devil" and would prevent her from going to Heaven, and that this belief conflicts with her job requirement that she undergo a background check. (*See* ECF No. 14 at 2.) Plaintiff informed Defendant of her sincerely held religious belief and was subsequently terminated for failing to comply with the fingerprinting requirement. (*Id.*) Plaintiff alleged facts that give rise to a plausible claim for religious discrimination. At this early stage, nothing more is required. *Iqbal*, 556 U.S. at 679.

This Court is unpersuaded by Defendant's contention that Plaintiff failed to meet her *prima facie* burden. Defendant correctly notes that, in the Third Circuit, "if an employer cannot

---

to grant exceptions or exemptions from the CPSL's fingerprinting requirements. (ECF No. 31 at 3.) However, the veracity of these factual assertions is more appropriately determined at the summary judgment stage. As noted above, because a motion for judgment on the pleadings is analyzed under the same standard as a motion to dismiss, "all factual averments in plaintiff's Complaint must be accepted as true." *Thompson*, 2012 WL 12903830, at 1 (citing *Fowler*, 578 F.3d at 210). Plaintiff alleged that she made a request to Defendant for a religious accommodation, that Defendant refused to grant her an accommodation, and terminated her as a result despite allowing someone with unreadable prints to undergo an alternative background check. (ECF No. 14 at 2-3.) While Defendant stated in its Answer that other governmental entities—not Defendant—made the decision to deny Plaintiff's request for an accommodation, this Court must accept Plaintiff's allegations as true for the purposes of ruling on the Motion for Judgment on the Pleadings.

[4] The Court notes that, pursuant to the CPSL, "[a]n employer, administrator, supervisor or other person responsible for employment decisions that intentionally fails to require an applicant to submit the required documentation [including fingerprints] before the applicant's hiring or upon recertification commits a misdemeanor of the third degree." 23 Pa. Stat. and Cons. Stat. Ann. § 6344.

accommodate a religious practice without undue hardship, the practice is not 'religion' within the meaning of Title VII." *United States v. Bd. of Educ. for Sch. Dist. of Philadelphia*, 911 F.2d 882, 886 (3d Cir. 1990). However, "whether a particular accommodation works an undue hardship on either an employer or union must be made by considering 'the particular factual context of each case.'" *Protos*, 797 F.2d at 134; *see also Webster*, 197 F. Supp. 3d at 703 (citing *Protos*); *Aldi, Inc.*, 2008 WL 859249, at 14 (same). Thus, more factual development is required before determining whether accommodating Plaintiff would have placed an undue burden on Defendant.

This Court also rejects Defendant's assertion that Plaintiff has failed to plead a *prima facie* case of religious discrimination because the fingerprinting requirement was imposed by the Commonwealth of Pennsylvania and/or the FBI and, therefore, was not an "employment requirement."[5] (*See* ECF No. 18 at 7-8.) Plaintiff satisfied her burden by alleging that Defendant informed her that she would need fingerprinting and subsequently terminated her employment after she requested an accommodation. (*See* ECF No. 14 at 2.) Whether Defendant or some other entity made the decision to deny Plaintiff's request for accommodation cannot be determined

---

[5] Defendant cites four cases to support its argument, none of which this Court finds persuasive. None of the cases are from the Third Circuit. Moreover, three of these cases involved motions for summary judgment—not motions to dismiss or motions for judgment on the pleadings. *See El Horin Yisrael v. Per Scholas, Inc.*, 2004 U.S. Dist. LEXIS 5807 (S.D. N.Y. 2004) (summary judgment); *E.E.O.C. v. Allendale Nursing Ctr.*, 996 F. Supp. 712 (W.D. Mich. 1998) (summary judgment); *Baltgalvis v. Newport News Shipbuilding Inc.*, 132 F. Supp. 2d 414 (E.D. Va.), *aff'd*, 15 F. App'x 172 (4th Cir. 2001) (converting the motion to dismiss into a motion for summary judgment because the non-moving party submitted materials outside the pleadings). While, in *Seaworth v. Pearson*, 203 F.3d 1056 (8th Cir. 2000), the Eighth Circuit affirmed the lower court's granting of defendant's motion for judgment on the pleadings, that case is also distinguishable from the case at bar. In *Seaworth*, the plaintiff claimed that the defendants discriminated against him on the basis of religion because they required him to provide a social security number ("SSN") as a condition of employment, which violated his sincerely held religious belief that a SSN was the "mark of the beast." *Id.* at 1057. However, the Eighth Circuit noted that a federal court had previously determined that the SSN requirement was not imposed by an employer, but rather by federal law. *Id.* (internal citations omitted). By contrast, Defendant has not cited to any authority establishing as a matter of law that the CPSL's fingerprinting requirement is imposed by an entity other than an employer, in this case Defendant.

without additional factual information. Further, as a motion for judgment on the pleadings is analyzed under the same standard as a motion to dismiss, this Court "must accept all of the allegations in the pleadings of the party against whom the motion is addressed as true and draw all reasonable inferences in favor of the non-moving party." *Zimmerman*, 2017 WL 4583149, at *2. Thus, this Court is required to accept as true all plausible, well-pleaded allegations of the Complaint, regardless of Defendant's contrary version of the alleged facts.

Similarly, this Court is unpersuaded by Defendant's argument that if Plaintiff met her *prima facie* burden to show religious discrimination, Defendant in turn satisfied its burden to prove undue hardship because Defendant could have been subject to criminal liability for violating the CPSL. (*See* ECF No. 18 at 8-13.) The cases that Defendant cites to support its argument that violating a statute constitutes an undue hardship are inapposite because they were decided later on in the litigation process.[6] Moreover, this Court is required to accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party.[7] *See Iqbal*, 556 U.S. at 679; *Thompson*, 2012 WL 12903830 at *1. As stated above, Plaintiff sufficiently stated a claim of employment discrimination, which is all that is required.

---

[6] Defendant relies on *Webb*, 562 F.3d 256, where the Third Circuit affirmed the lower court's dismissal of the plaintiff's sex discrimination claim on summary judgment—not on a motion to dismiss. Similarly, Defendant cites *Cherry v. Sunoco, Inc.*, No. 07-CV-2235, 2009 WL 2877247 (E.D. Pa. 2009), where the district court granted summary judgment for the defendant. Moreover, before dismissing the plaintiff's Title VII claims on summary judgment, the court in *Cherry* had previously denied the defendant's motion to dismiss. *Id.* Finally, Defendant cites *Board of Education for School District of Philadelphia*, 911 F.2d 882, a case that is also inapposite because that case was appealed following a bench trial, not the granting of a motion to dismiss.

[7] Accordingly, this Court rejects Defendant's argument that this Court should grant its Motion for Judgment on the Pleadings because Defendant "diligently" attempted to accommodate Plaintiff but, after contacting various governmental entities, decided it could not do so without violating the CPSL. (*See* ECF No. 18 at 10-13.) At this juncture, the Court must accept Plaintiff's version of the facts as true and draw all reasonable inferences in Plaintiff's favor.

To conclude, Plaintiff pleaded facts that plausibly support her religious discrimination claim. This Court must consider all of Plaintiff's well-pleaded facts as true. Plaintiff alleged that Defendant refused Plaintiff's request for an accommodation, while allowing an employee with "unreadable" fingerprints to undergo an alternative background check. Plaintiff has not alleged that anyone other than Defendant made the decision to deny her requested accommodation, nor that granting her request would have subjected Defendant to an undue hardship. While Defendant asserts in its Answer that it consulted various governmental entities in a good-faith attempt to accommodate Plaintiff and, through those inquiries, determined that granting Plaintiff's request for an accommodation would have subjected Defendant to an undue hardship, this Court must, at this stage, accept the facts in Plaintiff's Complaint as true.

### B. Retaliation Claim

To establish a *prima facie* case of retaliation under Title VII, Plaintiff must show that "(1) she engaged in [a protected] activity"; (2) "the employer took an adverse employment action against her"; and (3) "there was a causal connection between her participation in the protected activity and the adverse employment action." *Young v. City of Philadelphia Police Dep't*, 651 F. App'x 90, 95 (3d Cir. 2016), (quoting *Moore v. City of Phila.*, 461 F.3d 331, 340-41 (3d Cir. 2006)). "If the plaintiff makes these showings, the burden of production of evidence shifts to the employer to present a legitimate, non-retaliatory reason for having taken the adverse action." *Daniels v. Sch. Dist. of Phila.*, 776 F.3d 181, 193 (3d Cir. 2015) (internal citations omitted). "If the employer advances such a reason, the burden shifts back to the plaintiff to demonstrate that 'the employer's proffered explanation was false, and that retaliation was the real reason for the adverse employment action.'" *Id.* (quoting *Moore*, 461 F.3d at 342).

Defendant concedes that Plaintiff likely satisfied her *prima facie* burden to show retaliation.[8] (*Id.* at 14.) Nonetheless, Defendant avers that this Court should grant it judgment on the pleadings; Defendant argues that it satisfied its burden to establish that Plaintiff was terminated for a legitimate and non-retaliatory reason, namely, out of Defendant's good faith attempt to comply with the CPSL. (*Id.*) However, Defendant cites no authority to support its contention that this determination should be made at this early stage of litigation.

As noted above in the discussion of Plaintiff's religious discrimination claim, the Court must accept all of Plaintiff's well-pleaded facts as true. The Complaint does not allege that anyone other than Defendant made the decision to deny Plaintiff's accommodation and terminate Plaintiff's employment. Defendant avers that it contacted various governmental entities in a good faith attempt to accommodate Plaintiff but, through those conversations, concluded that it could not do so without subjecting itself to an undue hardship. However, this Court cannot weigh the veracity of Defendant's alternative facts at this time, as it must accept as true the allegations in Plaintiff's Complaint.

## VI. Conclusion

Plaintiff will need to provide facts to substantiate the allegations in her complaint if she hopes to prevail. However, the question before this Court is not the ultimate question of whether Plaintiff was actually discriminated and retaliated against on the basis of religion. The only question before this Court is whether Plaintiff satisfied "the lenient" standard of review applied at the motion to dismiss stage. *See Skolnik v. Friendship Ridge*, No. 14CV0507, 2014 WL 4792210, at

---

[8] Defendant concedes this for the sole purposes of the pending motion.

*2 (W.D. Pa. 2014). This Court finds that Plaintiff made the requisite threshold showing. Therefore, this Court will **DENY** Defendant's Motion for Judgment on the Pleadings.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| BONNIE F. KAITE, | ) | Case No. 3:17-cv-5 |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | |
| | ) | |
| ALTOONA STUDENT TRANSPORTATION, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

AND NOW, this 30th day of October, 2017, upon consideration of Defendant's Renewed Motion for Judgment on the Pleadings (ECF No. 17), and in accordance with the foregoing memorandum opinion, **IT IS HEREBY ORDERED** that Defendant's motion is **DENIED.** Additionally, Defendant's original Motion for Judgment on the Pleadings (ECF No. 8) is **DENIED as moot.**

BY THE COURT:

_____
KIM R. GIBSON
UNITED STATES DISTRICT JUDGE